UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

William H. Burlingame Plaintiff(s)

vs.

Heather Martin
Home Depot USA, Inc Defendant(s)

Civil Case No.: 1:22-cv-24 (BKS/CFH)

COMPLAINT FOR EMPLOYMENT DISCRIMINATION BASED UPON AGE

Plaintiff(s) demand(s) a trial by: [X] JURY [ ] COURT (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 29 U.S.C. §§ 626(c)(1). If the plaintiff is a **federal** employee, jurisdiction is conferred on this court pursuant to 29 U.S.C. § 633a(c).

## PARTIES

2. a. Plaintiff: William H. Burlingame
   Address: 367 Colebrook Road
   Gansevoort, New York 12831

   b. Plaintiff: _____
   Address: _____

Additional Plaintiffs may be added on a separate sheet of paper.

3.  a.  Defendant: **HEATHER MARTIN**

    Official Position: **Store Manger**

    Address: **3043 Route 50 Saratoga, New York 12866**

    b.  Defendant: **Home Depot USA, Inc**

    Official Position: _____

    Address: **2455 Paces Ferry Road Alanta, Georgia 30339-4024**

    Additional Defendants may be added on a separate sheet of paper.

4.  This action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634(b), as amended, for employment discrimination based on age.

5.  Venue is invoked pursuant to 28 U.S.C. § 1391.

6.  The conduct complained of in this action involves:

    (A) ☐ Failure to employ
    (B) ☒ Termination of employment
    (C) ☒ Failure to promote
    (D) ☒ Unequal terms and conditions of employment
    (E) ☐ Reduction in wages
    (F) ☒ Retaliation
    (G) ☐ Other acts as specified below:

    _____
    _____

## FACTS

7. Set forth the facts of your case which substantiate your claim of discrimination. List the events in the order they happened, naming defendants involved, dates and places.

   Note: Each fact should be stated in a separate paragraph; paragraphs should be numbered sequentially.

   You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.

   The facts surrounding my claim of discrimination are:

   *PLEASE SEE Attached*

8. (a) My year of birth is *1956*.

   (b) My age at the time of the alleged discriminatory act was: *64*.

9. I filed charges with the New York State Division on Human Rights or the New York City Commission on Human Rights regarding the alleged discriminatory acts on or about:

   *03/11*, 20*21*
   (Date)

10. I filed a Notice of Intent with the Equal Employment Opportunity Commission on or about:

    *03/11*, 20*21*
    (Date)

William H. Burlingame                367 Colebrook Road                Gansevoort, NY  12831

1. Around June/July 2019 I approached Heather Martin (Store Manager, Store #1223) about how I had heard that she had RMA'd a fellow DH (Department Head) and possibly two other DHs (which is the first step to being promoted to an ASM). She was aware of my interest to be promoted to an ASM. She gave me a smirk. We talked for about 45/60 minutes in reference to being promoted and why I wasn't included in the process.

2. Several weeks after our discussion, she approached me in reference to the process to be promoted and we set up a few meetings once every few weeks. We had set up six meetings; out of that number 2 or 3 were cancelled due to other conflicts within the store. She never told me how to start the process in the first or second meetings. I brought this up to her at least once a week to no avail. The more that I brought up anything about the process, the worse the tension got, and I sensed that she was just delaying my promotion process.

As time passed, I had noticed that a few DHs were doing store walks within the district stores. Again, I was not asked or included to participate which helps to develop candidates for the process of being promoted to an ASM position. Whenever these walks were announced, I was not included when Heather Martin was well aware of my intentions of being promoted. Even with Heather Martin knowing, and my constant questioning of the process, she never told me the actual process of starting the process and she never brought the fact of me RMAing to start the process to be promoted. Heather Martin discriminated against me every time that I questioned her reason for not putting me into the process. Heather Martin intentionally held me back from being promoted. As far as our store walks (Store #1223), I believe that Heather Martin penciled in around six walks, of which we completed two walks and the others never happened. Heather Martin was well aware of my

William H. Burlingame			367 Colebrook Road			Gansevoort, NY 12831

intentions wanting to be promoted as well as the District HR person and the District Manager.

3. During the period from around 8/15/2019 through 12/26/2019, penciled notes were made in my file which I knew very little about (some that I never signed off on and some I can't even remember being called into the office for and was totally unaware of). This is when I realized my employment/job was in jeopardy.

4. On 7/17/2019 I was involved in an auto accident where my vehicle was rear ended at a red light. I went to work the following day, not realizing that I had injured my back. I worked my shift that day and went to urgent care the next day since it was my day off and the pain was no letting up. On 7/19/2019 I received a light duty (modified) work order which I gave to Heather Martin on my next shift, 7/20/2019. The light duty was for 7/19/2019 through 7/26/2019. I gave her a copy and she accepted it and said "OK". The light duty work order consisted of no operating lift equipment or heavy lifting. My back was still hurting me, so I went to my primary care doctor on 8/6/2019 and they gave me a physical and put me on light duty work again for 8/6/2019 through 8/20/2019. Again, when I went to work the following day, I spoke with Heather Martin and informed her of the light duty work order from 8/6/2019 through 8/20/2019 and, again, she accepted it and said "OK" and agreed with the doctor's note. My doctor also referred me to an orthopedic surgeon for further evaluation and treatment. From this time, and I believe three visits with my orthopedic surgeon on the last follow-up, she put me on the LOA since it wasn't getting any better. From 10/2/2019 through 11/14/2019 I was receiving physical therapy. During our phone conference with the hearing examiner, Heather denied me ever giving her the two doctor notes in reference to the light duty assignments.

William H. Burlingame             367 Colebrook Road             Gansevoort, NY  12831

However, the ASMs and some of my fellow DHs and Associates all knew about my light duty. Some even helped me within my departments.

5. On 11/14/2019, my orthopedic surgeon gave me permission to go back to work on 11/25/2019. On my return to my job, I punched in for my shift around 2:00 PM. Heather Martin called me into her office. When I arrived, I noticed Dan Ossenfort, ASM of Operations was there. At that point, the door was closed, and she told me that she was putting me on a 'final warning' for my performance, which was ridiculous. THIS IS WHERE THE REALIZATION STARTED that my employment was in jeopardy.

6. After a few days, I contacted the District Manager, Brian Kinney, stating that I needed to speak with him in reference to the 'final' that Heather put me on. We had a meeting about two weeks later and spoke about it, and I got no satisfaction or advice about it from him, other than for him to say, "Bill, it's only six months and then you're good to go." However, being put on a final also puts off any possibility of being promoted for at least six months – and this was the point that I was trying to bring up to him – which Heather Martin also informed me of. Again, retaliation.

7. Starting around 8/15/2019, there were notes/write-ups being put in my file right up to my termination on 7/7/2020. There was an investigation of a comment that I made on Facebook which had nothing to do with Home Depot or my employment. Heather Martin was leading the investigation. It was her choice, not one of the persons involved in the original post or investigation. When left up to her, she claimed I had made a racist comment. My termination was solely personal on Heather Martin's part due to our on-going conversations of me being promoted. Heather Martin had contacted the District HR which put a team together to investigate the comment and, apparently, they left the decision up to her as to the punishment of either counseling or termination. So it was Heather Martin's decision to terminate

William H. Burlingame           367 Colebrook Road           Gansevoort, NY 12831

me from Home Depot. (Apparently the team did not think that the comment that I had made was racist, otherwise they would have told her to terminate me for it.)

8. According to my termination paperwork that I received from Heather Martin, I was terminated for "treating another person in an abusive, threatening, or extremely disrespectful manner". I, in fact, was never abusive or threatening or was I disrespectful to any Home Depot Associates, fellow DHs, upper management, or customers. This action was solely taken by Heather Martin in reference to that comment I made on Facebook. I have attached the comment and picture as to why I made the comment that I did. Heather Martin stated that I had made a racist comment. It was far from a racist comment. I had made the comment in reference to the possibility of police officers being in the patrol car when two lawyers had firebombed it. This was Heather Martin's chance and choice to end my promotion efforts as I kept bringing it up on a regular basis.

9. In my 49 years of being in the workforce (30-Plus years of being self-employed), I have never worked for a more toxic boss/manager than Heather Martin. I saw three ASMs put in for transfers because of her. One ASM of 25 years employment I believe, resigned after working under her for roughly two months. Another ASM, also gave his resignation roughly six months into his promotion. Also, there were a few DHs that just quit and walked out due to the way that she disrespected them and talked to them in front of other Associates and her negative ways and disrespecting them.

11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter **(copy attached)** which was received by me on or about:

   <u>October 14</u>, 20<u>21</u>
   (Date)

12. The plaintiff is an employee within the meaning of 29 U.S.C. § 630(f).

13. The plaintiff is within the age limits as prescribed by 29 U.S.C. § 631(a).

14. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 29 U.S.C. § 630(b) (c) and (d).

15. The defendant(s) is (are) engaged in commerce within the meaning of 29 U.S.C. § 630(h).

16. In accordance with 29 U.S.C. § 626(d) and § 633(b), more than sixty (60) days have elapsed since filing a charge alleging unlawful discrimination with the New York State Division of Human Rights, the New York City Commission on Human Rights or the Equal Employment Opportunity Commission.

17. If plaintiff is a **federal** employee and has not filed a complaint with the Equal Employment Opportunity Commission, in accordance with 29 U.S.C. § 633a(d) a thirty (30) day Notice of Intent to File this action must been given to the Equal Employment Opportunity Commission before an action may be brought in this Court.

18. **PRAYER FOR RELIEF**

   WHEREFORE, plaintiff(s) request(s) that this Court grant the following relief:

   <u>Lost Wages        $75,000.00</u>
   <u>Lost Future Wages as an ASM    $200,000.00</u>
   <u>Mental Anguish - Punitive damages    $125,000.00</u>

   I declare under penalty of perjury that the foregoing is true and correct.

   DATED: <u>01/11/2021</u>

   *William H. Burlingame* (signature)

   Signature of Plaintiff(s)
   (all Plaintiffs must sign)

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Jan 12 - 2022
AT __ O'CLOCK __ MINUTES
John M. Domurad, Clerk