**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WILLIAM H. BURLINGAME,

                                    Plaintiff,                    1:22-cv-00024 (BKS/CFH)

v.

HEATHER MARTIN, Store Manager, and HOME DEPOT
USA, INC.,

                                    Defendants.

---

**Appearances:**

*Plaintiff, pro se:*
William H. Burlingame
Gansevoort, NY 12831

*For Defendants:*
Patrick G. Brady
James J. Sawczyn
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, NJ 07102

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION**

        Plaintiff William H. Burlingame pro se brings this action against Defendants Heather

Martin, his former supervisor, and Home Depot USA, Inc. ("Home Depot"), his former

employer, asserting claims under the Age Discrimination in Employment Act of 1967

("ADEA"), 29 U.S.C. §§ 621–634. (Dkt. No. 1). Defendant Martin moves to dismiss the ADEA

claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendants move to

strike Plaintiff's request for "mental anguish-punitive damages" under Federal Rule of Civil Procedure 12(f). (Dkt. No. 6). For the following reasons, both motions are granted.

## II.    FACTS[1]

Plaintiff William Burlingame filed this action with a form "complaint for employment discrimination based upon age." (Dkt. No. 1). The relevant facts are set forth below.

Plaintiff was employed by Home Depot from 2011 to 2020. (Dkt. No. 1-3, at 1; Dkt. No. 1-6, at 1). Plaintiff was a "qualified employee" with a "satisfactory performance history," and was eventually promoted to the position of Department Head at the Saratoga Springs store. (Dkt. No. 1-2, ¶ 5). In 2016, Martin became the store's manager. (*Id.* ¶ 6). Plaintiff asserts that younger, less qualified employees were promoted, while older, more qualified employees were not. (*Id.* ¶ 9). He alleges that, when he sought promotion, Martin "intentionally held [him] back" because of his age. (Dkt. No. 1, at 4). Plaintiff eventually raised his concerns about age discrimination in promotion practices to Martin and alleges that he experienced retaliation as a result. (Dkt. No. 1-2, ¶ 36). In July 2020, Plaintiff was terminated. (Dkt. No. 1, at 6). He alleges that, despite Defendants' stated reason for the termination—that Plaintiff posted an "inappropriate comment of a racial and violent nature [on a] social media site," (Dkt. No. 1-6, at 1)—he was in fact terminated because of his age. (Dkt. No. 1-2, ¶ 41).

In March 2021, Plaintiff filed charges with the New York State Division on Human Rights and the United States Equal Employment Opportunity Commission. (Dkt. No. 1, at 3). After receiving his Notice-of-Right-to-Sue from the Commission, he brought this action. (*Id.* at

---

[1] The facts set forth herein are drawn from the Complaint and the exhibits attached thereto. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (noting that the complaint is deemed to include any written instrument attached to it as an exhibit). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The Court notes that in an exhibit to the Complaint, Plaintiff references the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and asserts violations under that Act. (Dkt. No. 1-2, ¶¶ 4, 45–47). The Court's analysis is, however, limited to Defendants' motion to dismiss ADEA claims.

8). He requests damages for lost wages, lost future wages, and "mental anguish-punitive damages." (*Id.*).

## III.   STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that has been filed pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

Under Rule 12(f), a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Whether to grant or deny a Rule 12(f) motion is within the discretion of the district court. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15 (D. Conn. 2013) (citations omitted). "Although motions to strike under Rule 12(f) are generally disfavored and granted only if there is strong reason to do so, ample authority permits striking prayers for [] damages when such relief is unavailable as a matter of law." *Berkley v. City of New Rochelle*, No. 21-cv-578, 2022 WL 784018, at *6, 2022 U.S. Dist. LEXIS 46069, at *17 (S.D.N.Y. Mar. 15, 2022) (citation omitted).

**IV.     DISCUSSION**

**A.     Motion to Dismiss the ADEA Claims Against Defendant Martin**

Martin moves to dismiss the ADEA claims against her because the ADEA does not provide for individual liability. (Dkt. No. 6-1, at 7). Plaintiff opposes the motion, arguing that he "was definitely discriminated against by Heather Martin and then retaliated against after the fact." (Dkt. No. 11, at 1).

The ADEA provides that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). It also makes it unlawful to retaliate against employees who oppose discriminatory practices barred by the ADEA. *Id.* § 623(d). However, the ADEA does not "provide for actions against individual supervisors." *Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir. 2009) (summary order) (citations omitted); *see also* 29 U.S.C. § 630(b) (defining "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"); *Thorpe v. Piedmont Airlines, Inc.*, 926 F. Supp. 2d 453, 462 (N.D.N.Y. 2013); *Wang v. Palmisano*, 51 F. Supp. 3d 521, 537 (S.D.N.Y. 2014) (collecting cases). Because Heather Martin is an individual, she cannot be held liable under the ADEA. *Darcy*, 356 F. App'x at 437. Accordingly, the Court grants Martin's motion to dismiss Plaintiff's ADEA claims against her.

**B.     Defendants' Motion to Strike**

Defendants argue that Plaintiff's requests for "mental anguish-punitive damages" under the ADEA should be stricken because the ADEA does not provide for the recovery of such damages. (Dkt. No. 6-1, at 8). The Court agrees.

The Second Circuit has held that, under the ADEA, plaintiffs cannot recover punitive damages or compensatory damages for emotional distress. *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 147–48 (2d Cir. 1984); *see Walsh v. Scarsdale Union Free Sch. Dist.*, 375 F. Supp. 3d 467, 482 (S.D.N.Y. 2019) ("It is well-settled that the ADEA does not allow plaintiffs to recover for emotional distress, pain and suffering, or any other non-economic damage."). Because neither punitive nor emotional distress damages are recoverable under the ADEA, the Court grants Defendants' motion to strike Plaintiff's request for such damages under the ADEA.

## V.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant Martin's motion to dismiss Plaintiff's ADEA claims against her pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 6) is **GRANTED** and that claim is **DISMISSED with prejudice**; and it is further

**ORDERED** that Defendants' motion to strike Plaintiff's request for "mental anguish-punitive" damages under the ADEA pursuant to Fed. R. Civ. P. 12(f) (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  <u>June 28, 2022</u>
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge